UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Walter E. Carver,

Plaintiff,

- against -

The City of New York, a body corporate and politic; Michael R. Bloomberg, individually and in his official capacity as Mayor of the City of New York; New York City Human Resources Administration and Department of Social Services, an agency of the City of New York; Robert Doar, individually and in his official capacity as Administrator and Commissioner of the New York City Human Resources Administration and Department of Social Services; New York City Health and Hospitals Corporation, a New York corporation; Alan D. Aviles, individually and in his official capacity as President and Chief Executive Officer of the New York City Health and Hospitals Corporation; New York City Department of Transportation, an agency of the City of New York; Janette Sadik-Kahn, individually and in her official capacity as Commissioner of the New York City Department of Transportation,

Defendants.

----------------------------------------X

08-CV-3677
(CPS)(RER)

MEMORANDUM OPINION
AND ORDER

SIFTON, Senior Judge.

Plaintiff Walter E. Carver commenced this putative class action on September 10, 2008, against the City of New York (the “City”); Michael R. Bloomberg, individually and in his official capacity as Mayor of the City of New York, New York City Human Resources Administration and Department of Social Services (“HRA”); Robert Doar, individually and in his official capacity

as Administrator and Commissioner of HRA; New York City Health and Hospitals Corporation ("HHC"); Alan D. Aviles, individually and in his official capacity as President and Chief Executive Officer of HHC; New York City Department of Transportation ("DOT"); and Janette Sadik-Khan, individually and in her official capacity as Commissioner of DOT (collectively, the "City Defendants"). Plaintiff asserts claims of (1) violation of the Takings Clause of (i) the Fifth Amendment to the United States Constitution, and (ii) Article 1, § 7 of the New York State Constitution; (2) deprivation of equal protection of the laws in violation of (i) the Fourteenth Amendment to the United States Constitution, and (ii) Article 1, § 11 of the New York State Constitution; (3) deprivation of due process of law in violation of (i) the Fourteenth Amendment to the United States Constitution, and (ii) Article 1, § 6 of the New York State Constitution; (4) failure to pay the minimum wage, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201 *et seq.*; (5) failure to pay the minimum wage, in violation of New York State Labor Law § 652; (6) failure to provide adequate notice of right to review a lottery intercept, in violation of New York Tax Law § 1613-b; (7) unspecified deprivations of plaintiff's civil rights, privileges, and immunities, in violation of 42 U.S.C. § 1983. Plaintiff seeks declaratory and injunctive relief, as well as liquidated damages, attorney's

fees, costs, and interest. Presently before this Court is the City Defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of standing), 12(b)(6) (failure to state a claim), and 12(b)(7) (failure to join a necessary party). For the reasons that follow, the City Defendants' motion is granted.

**BACKGROUND**

The following facts are drawn from the Complaint filed in connection with this matter, as well as documents incorporated by reference therein and public documents of which this Court may take judicial notice. *See Kramer v. Time Warner, Inc.* 937 F.2d 767, 773 (2d Cir. 1991) (district court may consider "documents attached to the complaint as exhibits or incorporated in the complaint by reference" on motion to dismiss); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) (authorizing district court review of public documents on motion to dismiss, particularly where plaintiff has notice of such documents). For the purposes of this motion, plaintiff's allegations are accepted as true, and all reasonable inferences are drawn in favor of plaintiff as the nonmoving party. *Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002).

Plaintiff is a 62-year-old citizen of the United States and the State of New York, and a regular purchaser of New York State Lottery tickets in Kings County, New York. Compl. ¶¶ 4, 20.

Defendants HRA, HHC, and DOT are agencies of defendant City conducting business in Brooklyn, New York. *Id.* ¶¶ 7-11.

From 1993 to March of 2000, plaintiff participated in the New York City Work Experience Program ("WEP").[1] *Id.* ¶ 20. As a WEP participant, plaintiff was assigned to work at Coney Island Hospital in Brooklyn, New York, which is managed by defendant HHC, and the Staten Island Ferry Terminal in Manhattan, New York, which is managed by defendant DOT.[2] *Id.* ¶ 21. Plaintiff was required to work at least 35 hours a week for the City Defendants, and was paid according to the hours he worked. *Id.* If plaintiff did not work, he was not paid. *Id.* For his work, plaintiff received $176.00 every two weeks. *Id.* Plaintiff alleges that his biweekly salary, plus the value of his food stamps, equaled no more than the federal and New York State minimum wage. *Id.* ¶ 22.

On August 10, 2007, plaintiff won $10,000 from the New York State Lottery. *Id*. ¶ 23. When plaintiff attempted to claim his

---

[1] Defendant HRA's website describes the City's WEP program as follows: "The Work Experience Program (WEP) is designed to provide a simulated work experience to individuals receiving cash assistance. Through this program, an employable individual is assigned to work for his/her cash assistance and food stamp benefits at NYC government agencies or private, not-for-profit agencies throughout the five boroughs." *See* "Employment Services: WEP," *available at* http://www.nyc.gov/html/hra/html/programs/employment_services.shtml (last visited Feb. 26, 2009).

[2] According to defendant HHC's website, Coney Island Hospital is an HHC facility. *See* http://www.nyc.gov/html/hhc/html/facilities/coneyisland.shtml (last visited Feb. 26, 2009). According to defendant DOT's website, DOT "owns and operates" the Staten Island Ferry. *See* "Ferries & Buses: Ferries," *available at* http://www.nyc.gov/html/dot/html/ferrybus/ferrybus.shtml (last visited Feb. 26, 2009).

prize, however, he was informed that half of the $10,000 was being withheld because he had participated in the WEP program. *Id.* ¶ 24. A Notice from the New York State Office of Temporary and Disability Assistance ("OTDA"), dated September 10, 2007 and addressed to plaintiff, states as follows:

> Our records indicate the you have received public assistance at sometime in the past ten years. Section 1613-b of the Tax Law and Section 131-r of the Social Services Law state that if you received public assistance in the past ten years we have the right to take up to 50% of any New York State Lottery prize you have won in the amount of $600.00 or more. You have been identified as a Lottery prize winner, and as stated in the notice you received from the New York State Division of the Lottery, the amount of your lottery prize as indicated below will be credited against the public assistance you have received in the past ten years.

*See* Declaration of Abigail Goldenberg dated January 9, 2009 ("Goldenberg Decl."), Ex. A (Copy of N.Y. C.P.L.R. Article 78 verified petition filed by plaintiff against various New York State defendants in New York Supreme Court, Kings County), at ¶ 15 (citing September 10, 2007 OTDA notice and attaching copy of notice as Exhibit C to the petition).

On September 27, 2007, plaintiff mailed a request to OTDA for review of OTDA's decition, setting forth the reasons why, according to plaintiff, it was illegal. Compl. ¶ 26. On December 21, 2007, OTDA sent a letter to plaintiff acknowledging receipt of plaintiff's September 27, 2007 letter and reiterating that "[t]he $5,000 intercepted by the Office of Temporary and Disability Assistance . . . from your client was a partial

repayment of public assistance received from September 5, 1997, through March 4, 2000, totaling $10,736.00." Goldenberg Decl., Ex. A (copy of plaintiff's Article 78 Petition), at ¶ 20 (citing OTDA letter of December 21, 2007 and attaching copy of letter as Ex. H to petition). The letter also stated as follows:

> [WEP] Work experience is not "employment" and the amount of public assistance an individual receives is not "wages." An individual receives the same amount of public assistance whether he or she is scheduled to participate in work experience, any other public assistance employment activity, or is exempt from employment requirements altogether. As such, the recovery of lottery winnings to reimburse the State for public assistance paid is wholly separate from any work experience assignment in which an individual may have the opportunity to participate.

*Id.* In addition, the letter conceded that the September 10, 2007 notice sent to plaintiff did not contain the name and telephone number of the individual to contact in case of error, as required by Tax Law § 1613-b(6). *Id.*; Compl. ¶ 27.

On January 8, 2008, the OTDA notified plaintiff by email that the $5,000 of lottery funds would not be refunded to plaintiff. Compl. ¶ 28; see also Goldenberg Decl., Ex. A, at ¶ 21 (citing January 8, 2008 OTDA email and attaching copy of email as Exhibit I to the petition). Plaintiff states that on information and belief, the $5,000 has been transferred to the City Defendants "pursuant to a system of statutes, regulations, contracts and practices." Compl. ¶ 30.

By verified petition dated April 18, 2008, plaintiff commenced a proceeding pursuant to Article 78 of the New York

Civil Practice Law and Rules in the Supreme Court of the State of New York, Kings County, against various New York State defendants, including OTDA (collectively, the "State Defendants"). Goldenberg Decl., Ex. A (copy of petition). In his petition, plaintiff asserts claims against the State Defendants identical to the claims asserted in this action against the City Defendants, with the exception of the § 1983 claim asserted here, and the addition of claims for consumer fraud and deceptive business practices.

Plaintiff has also filed a complaint in the New York State Court of Claims against the State Defendants, asserting claims identical to those asserted in the Article 78 proceeding. Goldenberg Decl., Ex. B (copy of claim).

This action commenced on September 10, 2008.

## DISCUSSION

## I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The City Defendants move to dismiss plaintiff's complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that this Court lacks subject matter jurisdiction over this matter because plaintiff does not meet the standing requirements of Article III of the United States Constitution.

### A. *Standard for Rule 12(b)(1) Motion*

A case is properly dismissed for lack of subject matter

jurisdiction under Rule 12(b)(1) when the Court lacks the statutory or constitutional power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.* In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must generally accept as true the factual allegations stated in the complaint, *Zinermon v. Burch*, 494 U.S. 113, 118 (1990), drawing all reasonable inferences in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993). In addition to examining the complaint, however, a "court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated for reconsideration on other grounds*, 505 U.S. 1215 (1992), *reaff'd on remand*, 999 F.2d 33 (2d Cir. 1993).

B. *Motion to Dismiss for Lack of Standing*

Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to the resolution of "cases" and "controversies." U.S. Const. art. III, § 2. In order to ensure that this case-or-controversy requirement is met, courts require that plaintiffs establish their "standing" as "the proper part[ies] to bring" suit. *Raines v. Byrd*, 521 U.S. 811,

818 (1997). Article III standing consists of three “irreducible” elements: (1) injury-in-fact, which is a “concrete and particularized” harm to a “legally protected interest”; (2) causation in the form of a “fairly traceable” connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief. *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The only injury alleged by plaintiff is the withholding of his lottery earnings, which, he claims, resulted in the violation of various state and federal laws. There is no dispute that the withholding may qualify as an injury-in-fact for standing purposes. However, the City Defendants argue that plaintiff has not met his burden of pleading a sufficient causal connection between his injury and their behavior.[3]

The Supreme Court has explained that causation is lacking for standing purposes if the claimed injury is “the result [of] the independent action of some third party not before the court.” *Lujan*, 504 U.S. at 560 (internal quotation marks omitted).

[3] The City Defendants also argue that plaintiff has failed to show that his claimed injury would be redressed by a favorable decision of this Court. Because I conclude that plaintiff has failed to establish a causal link between his alleged injury and the City Defendants’ actions, I need not consider the City Defendants’ redressibility argument.

However, a plaintiff need not allege that a defendant's challenged actions were the very last step in a chain of events leading to an alleged injury to allege causation adequately. It is sufficient for a plaintiff to plead facts indicating that a defendant's actions had a "determinative or coercive effect upon the action of someone else" who directly caused the alleged injury. *Bennett v. Spear*, 520 U.S. 154, 169 (1997).

Because plaintiff alleges that OTDA, not the City Defendants, effected the action that constitutes his claimed injury, the sufficiency of his causation pleading depends on its ability to support a reasonable inference that the City Defendants' actions had a "determinative or coercive effect" on OTDA. However, plaintiff has not alleged any facts supporting an inference that the City Defendants influenced OTDA's decision to withhold plaintiff's lottery winnings in any way. In fact, according to plaintiff's allegations, the City Defendants took no relevant action in this matter (other than supervising plaintiff's participation in the WEP program years prior to the events leading to this action) until after OTDA withheld plaintiff's lottery winnings, at which time they allegedly accepted funds which were transferred to them "pursuant to a system of statutes, regulations, contracts and practices." Compl. ¶ 30. Plaintiff effectively alleges that his injury was caused by the independent action of OTDA, a third party not

before this Court. Accordingly, plaintiff's allegations of causation are insufficient to support standing in this action against the City Defendants. *Lujan*, 504 U.S. at 560.

II. Motions to Dismiss on Other Grounds

In the alternative, the City Defendants move to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) for failure to state a claim and failure to join a necessary party, respectively. In light of my conclusion that plaintiff lacks standing to assert his claims against the City Defendants, I need not consider these alternative grounds for dismissal of plaintiff's complaint. Nor need I consider plaintiff's request to amend his complaint to allege wrong-doing by other parties.

**CONCLUSION**

For the reasons set forth above, the City Defendants' motion to dismiss is granted. The Clerk is directed to transmit a copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated: Brooklyn, NY
March 31, 2009

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge